IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAYRIN L. ROBINSON, #1220907** § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:14-CV-3948-N-BK | |
| § | | |
| **WILLIAM STEPHENS, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Div.,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On November 7, 2014, Petitioner, a state prisoner, filed a *pro se* pleading titled *Motion for Inquiry*, which was docketed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and automatically referred to the United States Magistrate Judge. *See* 28 U.S.C. § 636(b) and *Special Order 3*. For the reasons that follow, it is recommended that the petition be summarily dismissed. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of a habeas petition).

**I. BACKGROUND**

In 2004, Petitioner was convicted of aggravated robbery and sentenced to 40 years' imprisonment. *See State v. Robinson*, No. F03-71644 (283rd Judicial District Court, Dallas County 2004), *aff'd* No. 05-04-00235-CR, 2005 WL 1670626 (Tex. App. – Dallas, 2005). He unsuccessfully challenged his conviction in both state and federal court. *See Robinson v.*

*Quarterman*, No. 3:07-CV-00101-R, 2007 WL 2907870 (N.D. Tex. 2007) (summarizing state habeas filings and denying federal habeas relief on the merits).[1]

In his *Motion for Inquiry*, Petitioner asserts Texas Governor Rick Perry

> Deliberately, knowingly, and maliciously held in custody for his pleasure prisoners under the Texas Board of Criminal Justice, and Texas Department of Criminal Justice without bail after suspension of the right to writ of habeas corpus to inflict cruel and/or unusual punishment by deliberate indifference towards defamation of character, signing legislation to remove security from the person's, paper's, property, possession's effects of his subjects without probable cause nor warrant supported by oath perpetuating crimes against humanity to deprive subjects of life, liberty, property, privileges, and immunities secured by the Texas Constitution and the Constitution of the United States.

[Doc. 1 at 1].

Petitioner requests that the "Court issue process to the Court Clerk and the Texas Department of Criminal Justice to inquire into the legality of the restraints imposed upon the complainant and take judicial notice of the Constitution of the United States and the Texas Constitution." [Doc. 1 at 1]. Attached to the *Motion for Inquiry* is a pleading styled *Complainant's Corporate Disclosure Statement*, which Petitioner purportedly submits on behalf of Global Order of Democracy, claiming to be its counsel. [Doc. 1 at 2].

II. ANALYSIS

Even liberally construed, Petitioner's pleadings do not present a cognizable basis for federal habeas corpus relief. *See* 28 U.S.C. § 2254 (providing for federal habeas relief on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of treaties of the United States."). Petitioner's assertions that he is in custody for the Governor's pleasure, and that the writ of habeas corpus has been suspended to

---

[1] In 2012, Petitioner filed seven other habeas action that remain pending awaiting screening. *See* Case Nos. 7:12-CV-010-O, 7:12-CV-032-O-BL, 7:12-CV-033-O-BL, 7:12-CV-041-O-BL, 7:12-CV-042-O-BL, 7:12-CV-043-O-BL, 7:12-CV-044-O-BL (N.D. Tex., Wichita Falls Div.).

inflict cruel and unusual punishment, lack any legal or factual basis and, thus, are frivolous.  A review of his inmate records (on the Texas Department of Criminal Justice's website) reflects that he is presently confined serving the previously mention 40-year sentence for aggravated robbery.

Moreover, to the extent Petitioner seeks to challenge the conviction for which he is presently incarcerated, the Court lacks jurisdiction to consider his successive petition.  *See* 28 U.S.C. § 2244(b) (limiting the circumstances under which a petitioner may file a second or successive application for federal habeas relief); 28 U.S.C. § 2244(b)(3)(A) and (B) (before a petitioner may file a second or successive application in the district court, a three-judge panel of the court of appeals must determine whether the application makes the requisite prima facie showing).  The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider any successive claims challenging Petitioner's aggravated robbery conviction.  Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, his petition should be dismissed without prejudice for want of jurisdiction.  *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the court of appeals first grants the petitioner permission to file such a petition).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the *Motion for Inquiry*, construed as a petition for writ of habeas corpus, be summarily **DISMISSED without prejudice**, as it does not present a cognizable basis for federal habeas relief.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

In the alternative, to the extent Petitioner challenges his aggravated robbery conviction, it is recommended that the petition be summarily **DISMISSED without prejudice** for lack of jurisdiction because Petitioner has not obtained authorization to file a successive habeas petition from the United States Court of Appeals for the Fifth Circuit.  See 28 U.S.C. § 2244(b)(1) and (3).

SIGNED November 21, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE